[Sac. No. 955.   Department One.—October 2, 1902.]

# F. F. SEGO, Appellant, v. SOUTHERN PACIFIC COMPANY, Respondent.

ACTION FOR DEATH—WANTON NEGLIGENCE—CONTRIBUTORY NEGLIGENCE —NONSUIT.—In an action for death caused by the alleged negligence of a railroad company, by which the deceased was killed at a crossing, even though the railroad company may have been guilty of gross or wanton and willful negligence in running its train at an excessive rate of speed, yet where it appears that the deceased was guilty of contributory negligence, which continued up to the very moment of time when he was struck, and was a contributing and efficient cause of the injury, which he might have avoided by ordinary care, a judgment of nonsuit was properly granted.

ID.—INDEPENDENT ACTS OF NEGLIGENCE—CONCURRENT ACTS—INTERVENING CAUSE.—Where the negligence of the plaintiff is independent of that of the defendant, who might by ordinary care have prevented the injury at a time when the plaintiff could not have prevented it, the conduct of the plaintiff is not deemed to contribute proximately to his injury.   But this principle does not govern where both parties are contemporaneously and actively in fault, and by their mutual carelessness an injury occurs to one of them, nor when the negligence of the plaintiff operates as an intervening and proximate cause of his own injury.

ID.—COMPARATIVE NEGLIGENCE.—The law of comparative negligence, which obtains in some of the states, is not recognized by the courts of this state.

APPEAL from a judgment of the Superior Court of Solano County.   A. J. Buckles, Judge.

The facts are stated in the opinion of the court.

Arthur W. North, Frank R. Devlin, and George R. Lovejoy, for Appellant.

George A. Lamont, and Foshay Walker, for Respondent.

GAROUTTE, J.—Action for damages, brought by the father for the death of his son, defendant's train having killed him at a highway crossing.   Defendant relied upon contributory negligence, and at the conclusion of plaintiff's evidence a nonsuit was granted.   This appeal is taken from the judgment upon a bill of exceptions.

For the purposes of this appeal, it will be assumed that deceased was guilty of contributory negligence in attempting to cross the railroad track in front of the moving train. It will also be assumed, for the purposes of the appeal, that defendant was guilty of negligence, by reason of the manner in which it was running its train at the place of the accident, in this, that the speed was excessive, that the crossing was one greatly used by the traveling public, and that no flagman was in attendance. In the face of the two concessions suggested, involving the negligence of the defendant and the contributory negligence of the party killed, plaintiff claims that defendant was guilty of wanton and willful negligence in running its train at an excessive rate of speed at the place where the accident occurred, and therefore deceased's contributory negligence does not defeat a recovery.

Whatever the law upon this question may be in some of the other states of the union we are not specially concerned, for in this state it may be said to be well settled. This question was directly involved in *O'Brien* v. *McClinchy,* 68 Me. 55, where the court said: "Generally, it is a defense to an action of tort that the plaintiff's negligence contributed to produce the injury. But in cases falling within the foregoing description, where the negligent acts of the parties are distinct and independent of each other, the act of the plaintiff preceding that of the defendant, it is considered that the plaintiff's conduct does not contribute to produce the injury, if, notwithstanding his negligence, the injury could have been avoided by the use of ordinary care at the time by the defendant. This rule applies usually in cases where the plaintiff or his property is in some position of danger from a threatened contact with some agency under the control of the defendant when the plaintiff cannot and the defendant can prevent an injury. Lord Ellenborough, in *Butterfield* v. *Forrester,* 11 East, 60, a much quoted case, declared that 'one's being in fault will not dispense with another's using ordinary care.' Blackburn, J., in *Radley* v. *Railroad Co.,* L. R. 10 Ex. 100, expresses the idea in this wise: 'A man is bound when he puts himself in a place where he knows other persons are coming, not only for his own safety, but for that of his neighbors, to take reasonable care of himself and of his property; but whether he does this or not, it does not relieve anybody else

who comes there from the duty of also taking reasonable care.' . . . But this principle would not govern where both parties are contemporaneously and actively in fault, and by their mutual carelessness an injury ensues to one or both of them; nor where the negligent act of the defendant takes place first and the negligence of the plaintiff operates as an intervening cause between it and the injury." The law is well stated in this Maine case, and it has been approved by several decisions of this court. It appeals to sound reason that, even conceding a railroad company to be guilty of willful and wanton negligence in handling its train, still those acts upon its part can be no excuse for the traveler to close his eyes to approaching danger and rush blindly into it. No conduct on the part of the company, no matter how willful and wanton, will release a person from using ordinary care in preserving himself from danger and consequent injury. As said in the case cited, under such circumstances both of the parties are equally at fault, and there can be no recovery. Even conceding the negligence of the company to be the greater negligence, still in this state the courts do not recognize the principle of law relating to comparative negligence which obtains in some of our sister states.

The principle of law bearing upon a recovery when the defendant is guilty of willful and wanton negligence, notwithstanding the party injured may have been guilty of what may be called in general terms contributory negligence, finds an apt illustration in *Esrey* v. *Southern Pacific Co.*, 103 Cal. 544. There plaintiff, by reason of lack of ordinary care, placed herself in a position of danger. Defendant, knowing her danger, did not use ordinary care in protecting her from danger. In that case, technically speaking, plaintiff was not guilty of contributory negligence, for her negligence did not proximately contribute to the injury. In cases of that character it may be well said that the later negligence is the proximate cause of the injury, and that the earlier negligence of the party injured is too remote to be classed as contributory negligence.

In discussing this rule of law it is said in *Everett* v. *Los Angeles Ry. Co.*, 115 Cal. 128: "The rule can never apply to a case where, as here, the negligence of the party injured continued up to the very moment of the injury, and was a con-

tributing and efficient cause thereof. For it is apparent by the slightest care and effort on the part of the deceased he could have put himself out of danger up to the last moment before he was struck.'' And that is exactly the case the court now has before it. The negligence of the party killed continued up to the very moment of time when he was struck by the approaching train. There is here no question of remote or earlier negligence upon his part. And conceding him guilty of negligence, that negligence necessarily contributed directly to his death. The case at bar is quite similar in its facts to *Glascock* v. *Central Pacific R. R. Co.,* 73 Cal. 140, where this court said: ''Mr. Glascock either saw the train before he reached the track or he did not look toward the track as he approached it. . . . If he looked he saw; and having age and faculties to understand the dangers, is charged with a knowledge of them, and was bound to act upon that knowledge as a prudent and cautious man would under the circumstances. His failure so to act was negligence which, notwithstanding the negligence of the defendant, the law regards as such a contributory cause on his part as will make the injury his own misfortune and relieve the other party from liability therefor.''

For the foregoing reasons the judgment is affirmed.

Van Dyke, J., and Harrison, J., concurred.