[Civ. No. 2272. Third Appellate District.—March 28, 1921.]

## JOHN H. STRATEN, Respondent, v. GEORGE A. SPENCER et al., Appellants.

[1] NEGLIGENCE—EXCESSIVE DAMAGES—EVIDENCE—APPEAL.—In an action for damages for personal injuries, the power of the appellate court to set aside a verdict on the ground of excessive damages exists only when the facts are such that the excess appears as a matter of law, or is such as to suggest at first blush, passion, prejudice, or corruption on the part of the jury; and in this action, although the plaintiff was an old man with probably few years to live and with small earning capacity, he having been permanently disabled, having suffered a great deal of pain and having incurred a liability of $750 for hospital and medical care, it could not be said that the award of $5,000 was excessive.

[2] ID.—ABSENCE OF REMOTE CONTRIBUTORY NEGLIGENCE—CAUSE OF INJURY—INSTRUCTIONS.—In an action for damages for personal injuries, if there is no evidence of any remote negligence on the part of plaintiff, the plaintiff could not be prejudiced by an instruction on contributory negligence which does not require the negligence of plaintiff to be a proximate or immediate cause of the injury in order to relieve the defendant.

[3] ID.—DUTY OF PEDESTRIAN CROSSING STREET.—It is the duty of a pedestrian to use ordinary care in crossing a street and to reasonably exercise his faculties for his personal safety, and if he fails to do so and is injured by reason of such failure, he cannot recover on account of such injury.

[4] ID.—RIGHTS AND DUTIES OF PEDESTRIANS AND AUTOMOBILE DRIVERS —INSTRUCTIONS.—In an action for damages for personal injuries, an instruction "that, while pedestrians and the drivers of auto-

---

1. Excessive verdict for personal injuries not resulting in death, notes, 16 Ann. Cas. 8; Ann. Cas. 1913A, 1361; Ann. Cas. 1915D, 488; Ann. Cas. 1916C, 916.

3. Duty of pedestrian, before crossing street, to look for vehicles approaching on intersecting street, note, 9 A. L. R. 1248.

mobiles have equal rights at street crossings, a pedestrian seeking
to cross a street at such crossing is bound to anticipate that auto-
mobiles as well as other vehicles may be approaching the crossing,
and while his right at the crossing is equal to that of any other
class of travelers, yet he must not exercise his right recklessly, but
must act with such degree of care as is commensurate with the
existing dangers," contains a correct principle of law and presents
a proper standard of conduct under the circumstances therein de-
tailed.

[5] ID. — CONTRIBUTORY NEGLIGENCE — INACCURATE INSTRUCTION. — To
declare negligence to be "proximate cause" of an injury neces-
sarily implies that it is the only proximate cause thereof; there-
fore, an instruction that the plaintiff cannot recover unless he was
free from negligence that contributed to the injury "and was
proximate cause thereof," while it does not state an erroneous
principle of law, it does not accurately present the theory of con-
tributory negligence.

[6] ID.—MATERIALITY OF PLAINTIFF'S NEGLIGENCE—IMPROPER ELEMENT
—INSTRUCTIONS.—Because of the introduction of the element of
materiality in the instruction, "A failure to comply with the law
respecting the operation of an automobile upon the highway from
which an injury results as proximate and direct cause of such
failure gives to the injured person a cause of action if his own
negligence did not materially contribute to the injury and consti-
tute a proximate cause thereof," the error of the court is omitting
the indefinite article "a" before the qualifying expression "proxi-
mate cause," in referring to the negligence of the plaintiff that
would bar his recovery, was cured.

[7] ID.—COMPARATIVE NEGLIGENCE — DOCTRINE INAPPLICABLE. — In an
action by a pedestrian against the owner and driver of an auto-
mobile for damages for personal injuries, the law does not recog-
nize the doctrine of comparative negligence.

[8] ID.—PRESENCE OF DRIVER ON LEFT-HAND SIDE OF STREET—PRE-
SUMPTION OF RIGHT—CONFLICTING INSTRUCTION.—In an action by
a pedestrian against an automobilist for damages for personal in-
juries, after correctly instructing the jury to the effect that if the
defendant turned to the left-hand side of the street to avoid hit-
ting the plaintiff, the fact she was on the left-hand side of the
street at the time her car struck the plaintiff raises no presump-
tion that she was guilty of negligence in being there, it is error
to further instruct them that "the burden of justifying her posi-
tion" is upon the defendant.

[9] ID.—DUTY OF DRIVER TO STOP—REASONABLE CARE—QUESTION FOR
JURY—INSTRUCTIONS.—An instruction "that it is the duty of a
person operating an automobile upon the public highway to use
reasonable care in its operation, and to move at a rate of speed
reasonable under the circumstances and to cause it to slow up or

stop, if need be, when danger is imminent and could by the exercise of reasonable care be seen or known in time to avoid injury," although it may not be fatally defective, lacks clearness and is liable to be misunderstood, for while a driver should ordinarily stop his machine rather than take any chances of injuring a pedestrian, it is for the jury to determine in each particular case what the rule of reasonable care requires in that respect.

[10] ID.—BURDEN OF PROOF —PREPONDERANCE OF EVIDENCE—INSTRUCTIONS.—A requested instruction, "that where the evidence is as consistent with a neglect of duty on the part of the injured person as it is with a neglect of duty or care on the part of the person charged with causing the injury, the injured party cannot recover in an action for damages for the injuries sustained," while correct in point of law, if thoroughly understood, is not clear, and the court may well refuse it provided it gives the rule that where the plaintiff must prove his case by a preponderance of evidence and the evidence on a material point in issue is equally balanced, the plaintiff cannot prevail. (Opinion of supreme court on denial of hearing.)

APPEAL from a judgment of the Superior Court of El Dorado County. George H. Thompson, Judge. Reversed.

The facts are stated in the opinion of the court.

Butler & Van Dyke for Appellants.

J. M. Inman and E. Fitzgerald for Respondent.

BURNETT, J.—The action was for damages for personal injuries alleged to have been caused by the negligent driving of an automobile by defendant, Elizabeth Spencer, on the main street of Placerville on August 24, 1918. The machine collided with plaintiff while he was crossing the street on foot. The answer denied any negligence by said defendant, pleaded contributory negligence on the part of plaintiff, and by way of cross-complaint said defendant asked damages from plaintiff for injuries suffered by her in consequence of his negligence. The verdict of a·jury was in favor of plaintiff for the sum of $5,000, and the appeal from the judgment is under the alternative method.

Appellants state that the appeal "is based upon the errors made by the court in modifying and giving instructions, and because of the insufficiency of the evidence to

justify the verdict and because of excessive damages appearing to have been given under the influence of passion and prejudice.''

We may follow the example of appellants and consider first the last mentioned assignment. There was no motion for a new trial, as is usually the case, and therefore the point was not presented to the trial judge. [1] In considering the contention we must be guided by the rule announced in *Bond* v. *United Railroads*, 159 Cal. 270, [Ann. Cas. 1912C, 50, 48 L. R. A. (N. S.) 687, 113 Pac. 366], that the power of an appellate court to set aside a verdict on the ground of excessive damages exists only ''when the facts are such that the excess appears as a matter of law, or is such as to suggest at first blush, passion, prejudice or corruption on the part of the jury.'' Indeed, it is further said in that case that: ''Practically the trial court must bear the whole responsibility in every case.'' Within the contemplation of this rule it cannot be said that the jury was influenced or controlled by any improper consideration in fixing the amount of damages. We must assume that the verdict was the fair expression of an honest judgment that such amount was merely compensatory for the injury suffered by plaintiff. It is true that he was an old man with probably few years to live and with small earning capacity, but he was permanently disabled, suffered a great deal of pain, and incurred a liability of $750 for hospital and medical care. At any rate, it cannot be said that the award of $5,000 is so great as to shock the conscience or ''to suggest at first blush, passion, prejudice or corruption on the part of the jury.'' Cases from other jurisdictions are cited by appellants wherein similar verdicts were reduced on appeal, but so much depends upon the peculiar circumstances of each case and upon the particular rule prevailing in the appellate practice therein, that we forego any specific notice of these decisions.

The defendants requested the court to instruct the jury as follows:

(1) ''The jury are instructed that in an action by a pedestrian to recover damages for an injury from an automobile, there can be no recovery unless the plaintiff was free from negligence which contributed to the injury.

"The law does not recognize degrees of negligence in actions for personal injuries and if you believe from the evidence that the plaintiff in this case failed to use that degree of care and prudence which the ordinary man, under similar circumstances, would have used in this case, and that such negligence on his part contributed in any degree to the accident, the plaintiff cannot recover and your verdict should be for the defendant."

(2) "It is the duty of a pedestrian traveling in or crossing a public street to use ordinary care and to reasonably exercise for his personal safety the faculties with which he is endowed by nature for self-protection; and if he fails to do so and is injured by reason of such failure he cannot recover on account of such injury.

"And if you believe from the evidence that plaintiff by the reasonable use of the faculties given him by nature for his self-protection could have avoided the accident and that his failure to do so contributed toward the accident then your verdict should be for the defendant."

(3) "You are charged that, while pedestrians and the drivers of automobiles have equal rights at street crossings, a pedestrian seeking to cross a street at such crossing is bound to anticipate that automobiles as well as other vehicles may be approaching the crossing, and while his right at the crossing is equal to that of any other class of travelers, yet he must not exercise his right recklessly, but must act with such degree of care as is commensurate with the existing dangers, and if you believe from the evidence that plaintiff failed to act with the degree of care which the circumstances of the case demanded and that such action upon his part contributed to the accident, your verdict should be for the defendants."

The court gave the first two of these instructions as modified by the expressions which we have italicized as follows: (1) "The jury are instructed that in an action by a pedestrian to recover damages for an injury from an automobile there can be no recovery unless the plaintiff was free from negligence that contributed to the injury *and was proximate cause thereof.*

"The law does not recognize degrees of negligence in actions for personal injuries, and if you believe from the evidence that the plaintiff in this case failed to use that

degree of care and prudence which the ordinary man, un-
der similar circumstances would have used in this case,
and that such negligence on his part contributed in any
degree to the injury *and was proximate cause thereof,* the
plaintiff cannot recover and your verdict should be for the
defendants.''

(2) ''It is the duty of a pedestrian traveling in or cross-
ing a public street to use ordinary care and to reasonably
exercise for his personal safety the faculties with which he
is endowed by nature for self-protection; and if he fails
to do so and is injured by reason of such failure, *and, fur-
ther, if such failure is proximate cause of injury,* he cannot
recover on account of such injury.

''And if you believe from the evidence that plaintiff by
the reasonable use of the faculties given him by nature for
his self-protection could have avoided the injury and that
his failure to do so contributed toward the injury *and was
proximate cause* thereof, then your verdict should be for
the defendants.''

The third was given with a similar modification.

Thus is presented a very important question relating to
a prominent feature of the case. One claim of defendants
was that, even if the driver of the automobile was not free
from blame, plaintiff could not recover by reason of his
own negligence; in other words, that it was a proper case
for the application of the doctrine of ''contributory negli-
gence,'' as it is known to the law. It will not be doubted
that, if there was any substantial basis in the evidence for
this theory, the defendants were entitled to a correct in-
struction as to what conduct on the part of plaintiff would
debar him from recovery.

That there was a substantial showing of the want of
ordinary care on the part of plaintiff, which might be
deemed contributory to the injury, is not disputed, and
therefore we need not quote from the testimony.

The question then arises whether said instructions as
proposed by appellants presented correctly the legal aspect
of ''contributory negligence.'' The doctrine presupposes,
of course, negligence of the other party but precludes re-
covery on the ground that the injury was partly the result
of his own negligence; in other words, that the accident was
occasioned by his own carelessness co-operating with that

of the other party. Somewhat different phraseology in defining the term is used by different authors, but if it can be seen that the injured party's want of ordinary care was an important element in the occurrence, and that the injury may be attributed to such want of care as well as to the negligence of the other party, then, no doubt, a case of contributory negligence is found. In this connection we may refer to Thompson's Law of Negligence, volume 1, page 210, wherein it is said: "In order, then, to prevent a recovery by reason of contributory negligence, the plaintiff or person injured must have been guilty of a want of ordinary care; and we shall now see that this want of ordinary care must have been a proximate cause of the injury, and not a remote cause or mere condition. If the negligence of the plaintiff was only remotely connected with the injury the plaintiff may recover damages, if notwithstanding such remote negligence of the plaintiff the defendant might have avoided the injury by the exercise of ordinary care. But if a want of ordinary care on the part of the person injured *concurs* as a proximate cause in producing the injury, the defendant is not liable, although in fault. This doctrine is involved in the meaning of the words we employ to express the negligence on the part of the plaintiff which will bar a recovery—*contributory* negligence. The negligence of the plaintiff which will bar a recovery of damages for an injury sustained by the defendant's negligence must be such as *contributes* to the injury complained of; that is, as expressed by a learned and philosophic writer, it 'must be such, that by the usual course of events, it would result, unless independent disturbing moral agencies intervened, in the particular injury.'"

From the various sources, which he has consulted, respondent educes this definition: "Contributory negligence is the negligence of a person on account of whose injury a suit is brought amounting to a want of ordinary care and prominently contributing to cause said injury." The only question about this definition arises from the use of the term *prominently.* That is somewhat confusing. If the negligence of the injured party *directly contributes* to the cause of the injury it matters not whether *that negligence* is prominent or not. Of course, his want of care might be of such trifling importance as to be properly disregarded,

but in such case it could not be said that it has *contributed* to the cause of the injury. It is to be observed that in many of the definitions the term "proximate cause" is used, and this has led to some misunderstanding. The word "proximate," though, is intended to mean direct or immediate as opposed to *remote* and, of course, the negligence of the plaintiff must have a *causal* connection with the injury in order to constitute a case of "contributory negligence." As thus understood, there can be no serious objection to the use of said expression, but manifestly it should be limited to *a* proximate cause or to a *part* of the proximate cause of the injury.

Since the negligence of the plaintiff must *concur* and *co-operate* with that of the defendant in order to constitute contributory negligence, it is apparent that in such cases the accident is the result or consequence of two causes or elements—the *negligence* of plaintiff and the *negligence* of defendant.

[2] Examining the proposed instructions in the light of these familiar principles we find the first is open to the criticism that it does not require the negligence of plaintiff to be a *proximate* or *immediate* cause of the injury in order to relieve the defendant. But as to this, however, it must be said that under the evidence any negligence of plaintiff must have been *proximate* and not *remote*. There being no evidence of any remote negligence on the part of plaintiff, the omission of the proper qualifying expression could not have been prejudicial to him.

[3] The second proposed instruction seems unobjectionable. It is certainly the duty of the pedestrian to use "ordinary care in crossing a street and to reasonably exercise his faculties for his personal safety and if he fails to do so and is injured by reason of such failure he cannot recover on account of such injury." If he is injured by reason of such failure, it, of course, must be a cause of the injury and makes him responsible for it. Furthermore, if the plaintiff by the reasonable use of his faculties "could have avoided the accident and his failure to do so contributed toward the accident," then this conduct reached the full measure of "contributory negligence."

[4]  The third proposed instruction also contained a correct principle of law and presented a proper standard of conduct under the circumstances therein detailed.

[5]  The trial judge by the modification of these instructions did not erroneously state a principle of law, but the criticism is that he did not accurately present the theory of contributory negligence. The instructions, as modified, amount to this: that if plaintiff was guilty of negligence and that negligence was the sole cause of the injury, then he could not recover. Of course, that is true, but defendants desired to have the court instruct the jury that, if plaintiff's negligence contributed to and was therefore a proximate cause of the injury, he could not recover. True, the court did not use the definite article, but to declare negligence to be "proximate cause," necessarily implies that it is the only proximate cause.

[6]  The question then arises whether this action of the court constituted prejudicial error. The answer manifestly depends upon whether the principle was covered by other instructions. The only one which might possibly be so considered is the following: "A failure to comply with the law respecting the operation of an automobile upon the highway from which an injury results as proximate and direct cause of such failure gives to the injured person a cause of action if his own negligence did not materially contribute to the injury and constitute a proximate cause thereof." If it had not introduced the element of materiality, this might be deemed a sufficient instruction that plaintiff could not recover if his own negligence contributed proximately to the injury. [7]  But in this state, in actions like this, the law does not recognize the doctrine of comparative negligence. (*Sego* v. *Southern Pac. Co.,* 137 Cal. 405, [70 Pac. 279].) The instruction left the jury to speculate as to what extent in comparison with that of defendant the negligence of plaintiff may have contributed to the injury, and they may have concluded that plaintiff was proximately negligent, but that his negligence was not so *material* as that of defendant and hence he was not entitled to recover. However, the rule is as stated in *Needham* v. *San Francisco & S. J. R. Co.,* 37 Cal. 409, as follows: "That a plaintiff cannot recover for the negligence of the defendant, if his own want of care or negligence has in

any degree contributed to the result complained of—there can be no dispute.'' The court therein states the reason of the rule to be that since both parties are in fault there can be no apportionment of damages. So in *Maumus* v. *Champion*, 40 Cal. 121, it is held to be sufficient to absolve the defendant if the negligence of the plaintiff ''contributed proximately to the injury complained of.''

Respondent, in support of his position that the error was cured, cites *Squier* v. *Davis Standard Bread Co.*, 181 Cal. 533, [185 Pac. 391], wherein the lower court had used the expression ''the proximate cause'' in defining contributory negligence, but the supreme court calls attention to the fact that the sentence containing the objectionable words was immediately preceded by a sentence urging the jury to determine whether plaintiff's negligence, if any was ''*a* proximate cause'' of the injuries and that elsewhere the jury was fully and correctly instructed on the law of contributory negligence. The supreme court therefore held that from the whole charge the jury could not have been misled. Upon an examination of the record in that case we find that the trial court gave this instruction: ''The defendants in their answer allege that the plaintiff himself was guilty of negligence which proximately caused his injuries, and in that regard the court instructs you that if you find that both the plaintiff and the defendants were guilty of negligence proximately causing or contributing to the injury in question, then the plaintiff cannot recover, because his own contributory negligence, if any you find, is a complete defense on the part of the defendants.'' We have no such situation here.

[8] The defendants requested an instruction which was modified by the court by inserting the words in italics, and was given as follows: ''If you believe from the evidence that Mrs. Spencer, upon seeing the plaintiff at the crossing starting to cross the street, checked her car to allow plaintiff to pass, and that plaintiff instead of going on turned back, and that Mrs. Spencer then proceeded on her way. That plaintiff then again started across and that to avoid hitting the plaintiff Mrs. Spencer turned to the left-hand side of the street, then I charge you that the fact that she was on the left-hand side of the street at the time her car struck the plaintiff, raises no presumption that she was guilty of

negligence in being there, *but puts upon her the burden of justifying her position,* and it is for you to determine from all the evidence before you whether or not Mrs. Spencer used that degree of care and prudence which would be expected of a woman so placed as she was, and called upon to act suddenly in an emergency in an attempt to avoid a collision, and if, after a consideration of all the facts and circumstances, you are satisfied that she did use such care and prudence to avoid such collision as might reasonably be expected of a woman so placed as she was, then your verdict should be for the defendants.''

The first part of the instruction, concluding with the *presumption,* is undoubtedly correct. In other words, if the jury believed the facts to exist as therein recited they must conclude that Mrs. Spencer was not guilty of negligence in being on the left-hand side of the street; that is, that she was justified in being there. Nevertheless, the court proceeds to tell the jury that she has cast upon her *"the burden of justifying her position."* This necessarily required of her proof to overcome a *presumption* in her favor. In other words, although certain facts showed her to be in the right, she must introduce evidence to prove that she was not in the wrong.

In virtually stating that she must offer other evidence to justify her position in the street the court by said instruction also invaded the province of the jury, since the law imposes upon the jurors the duty of determining the weight and effect of the evidence.

In further explanation of her position, it may be added that, where the accident occurred the street is very narrow, only about twenty-three feet wide; hence it was necessary to travel only a few feet to carry the machine to the ''left-hand side of the street.''

The court might well have given this instruction proposed by defendants: ''I instruct you that where the evidence is as consistent with a neglect of duty on the part of the injured person as it is with a neglect of duty or care on the part of the person charged with causing the injury, the injured party cannot recover in an action for damages for the injuries sustained.'' This instruction was approved by the supreme court in *Sheldon* v. *James,* 175 Cal. 474, [2 A. L. R. 1493, 166 Pac. 8]. While this omission would

not of itself justify a reversal, yet in view of the strikingly conflicting character of the evidence it was quite appropriate to the situation.

[9] Appellants criticise the following instruction given by request of plaintiff: "You are instructed that it is the duty of a person operating an automobile upon the public highway to use reasonable care in its operation, and to move at a rate of speed reasonable under the circumstances *and to cause it to slow up or stop,* if need be, when danger is imminent and could by the exercise of reasonable care be seen or known in time to avoid injury." Appellants declare: "This took from the jury the right of determining whether or not, in this case, the defendant was justified in seeking to avoid the accident by turning to the left instead of stopping." There is some force in the criticism, as the test is what would a reasonable person do under the circumstances, and not what subsequent events may have shown to be necessary to avoid the injury. Of course, a driver should ordinarily stop his machine rather than take any chances of injuring a pedestrian, but it is for the jury to determine in each particular case what the rule of reasonable care requires in that respect. We do not say that the instruction is fatally defective, but we think it lacks clearness and was liable to be misunderstood.

We find nothing else in reference to the instructions subject to criticism.

For the reason, no doubt, that they see no merit in the contention, appellants do not argue the point that the evidence is insufficient to support the finding of negligence on the part of Mrs. Spencer. As the record contains such evidence we are reluctant to reverse the cause, but the defendants, equally with the plaintiff, are entitled to a full and fair trial with the right to demand that their theory of the case, as legally sanctioned, be properly presented to the jury.

We think it just that a new trial be had, and the judgment is therefore reversed.

Prewett, P. J., *pro tem.,* and Hart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 27, 1921, and a petition to have the cause heard in the supreme court, after

judgment in the district court of appeal, was denied by the supreme court on May 26, 1921, and the following opinion then rendered thereon:

THE COURT.—The petition for rehearing in the supreme court is denied.

[10] With regard to the instruction relating to the rule where the evidence is as consistent with neglect of duty by the injured person as it is with neglect of duty by the person charged with causing the injury, which instruction the district court states "might well have been given," we desire to say that while the instruction is correct in point of law, if thoroughly understood, and, therefore, that it is not error to give it, we are not of the opinion that a court errs if it refuses the same. All that the instruction means is that where the plaintiff must prove his case by a preponderance of the evidence and the evidence on a material point in issue is equally balanced, the plaintiff cannot prevail. This rule should be stated in clearer language than is contained in the instruction copied in the opinion of the district court, and the court may well refuse it provided it gives the rule as it should be stated.

All the Justices concurred, except Lawlor, J., who voted for the granting of the application, and Wilbur, J., who was absent.