[Civ. No. 5825. First Appellate District, Division One.—October 25, 1927.]

ANNA D. ATKINS, Respondent, v. J. B. BOUCHET et al., Appellants.

Wm. M. Abbott, K. W. Cannon and J. E. Reardon for Appellants.

Ostrander & Carey for Respondent.

STURTEVANT, J.—The plaintiff brought an action to recover damages for personal injuries. The defendants answered and a trial was had in the trial court. The jury returned a verdict in favor of the plaintiff. From a judgment based thereon the defendants have appealed under section 953a of the Code of Civil Procedure.

This is the second appeal. (65 Cal. App. 94 [223 Pac. 87].) The facts are so fully stated in the reported case that we need not restate them. On the second trial the plaintiff testified, and also demonstrated, that she did not pause at the corner "one or two minutes" of sixty seconds each. She showed that she barely paused. The defendants claim the new record is substantially the same as the first and that the decision on the first appeal has become the law of the case and that the plaintiff was guilty of contributory negligence and cannot recover. (*McClenahan* v. *Keyes,* 65 Cal. App. 467 [224 Pac. 241].)

If we assume, as the defendants contend, that in view of the facts which we have recited and the decision on the former appeal, the plaintiff was guilty of contributory negligence, the case is not yet determined, because the plaintiff did, on the second trial, rely on the doctrine of the last clear chance and now vigorously presents the point. She introduced evidence to support that theory and she presented an instruction on the subject which was given by the trial court. The defendants' answer is that the "plaintiff was guilty of contributory negligence which continued clear down to the moment of the impact and was a concurring, contemporaneous and proximate cause of the injuries and damages complained of." The defendants rely on *Sego* v. *Southern Pacific Co.,* 137 Cal. 405 [70 Pac. 279], *Everett* v. *Los Angeles etc. Ry. Co.,* 115 Cal. 105 [34

L. R. A. 350, 43 Pac. 207, 46 Pac. 889], and *Mayer* v. *Anderson*, 36 Cal. App. 740 [173 Pac. 174]. The plaintiff replies that the rule contended for does not apply when the injured party was at the time wholly unaware that she was in a situation of danger. In this connection she cites *Palmer* v. *Tschudy*, 191 Cal. 696, 700 [218 Pac. 36], and 19 Cal. Jur., p. 651. Those authorities are further supported by what is said in *Arnold* v. *San Francisco-Oakland T. Rys.*, 175 Cal. 1, at page 4 [164 Pac. 798, 800]: "This doctrine applies where the injured party by his own negligence has placed himself in a position of danger from which he cannot extricate himself, or of which he is obviously unconscious, and the defendant, seeing or knowing his peril or seeing or knowing the facts from which a reasonable man would believe him to be in peril, and being able by the use of ordinary care to avoid injuring the plaintiff in his perilous position, fails to use such care and thereby causes the injury." And in *Harrington* v. *Los Angeles Ry. Co.*, 140 Cal. 514, at page 526 [98 Am. St. Rep. 85, 63 L. R. A. 238, 74 Pac. 15, 19], speaking on the point now before us, the court placed its remarks in italics and said: "In such a case he *who knows of the danger and can avoid it, as against one who does not in fact know thereof,* has the last clear opportunity to avoid the accident. If a motorman should discover a man asleep on the track in front, and knowing him to be asleep, should proceed, regardless of his position and condition, and run over him with his car while still asleep, there would be very little question that the motorman had the last clear opportunity, and that his negligence was the proximate cause of the injury."

The plaintiff called as a witness J. H. Meiss, the driver of the automobile, and examined him in detail regarding the facts pertinent to the application to this case of the doctrine of the last clear chance. She also took the stand and testified in her own behalf on the same subject. She testified to the same facts as on the first trial except as noted above. Meiss testified that as he approached from the east driving westerly that he saw the plaintiff when he was a half block away and continued to watch her; that he saw her standing at the corner of the sidewalk facing south; that from appearances she was about to cross East Fourteenth Street; that she had an umbrella down over her

head and that it was inclined over her left shoulder pointing toward the east and thus obscured her head and face from him; that he did not see her look toward him at any time; that the street was not occupied· by passing vehicles which obstructed his view of the plaintiff; that he nevertheless proceeded to cross Eighth Avenue at a speed of ten or twelve miles an hour until he was about fifteen feet from the corner where the plaintiff stood and at the time that he saw her start across the street. He also testified that he could stop his machine within ten feet. An expert testified that the machine could have been stopped in ten feet if it was being driven at fifteen miles an hour and if it was being driven at ten or twelve miles an hour it could have been stopped in six or eight feet; that there was no cause for the car to skid at the time and place; and that stopping the car under the existing circumstances would not cause skidding. We think it may not be held that the doctrine of the last clear chance is not applicable to the facts of this case. (See, also, *Kramm* v. *Stockton Electric R. R. Co.*, 3 Cal. App. 606 [86 Pac. 738, 903].)

We find no error in the record. The judgment is affirmed.

Koford, P. J., and Nourse, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 22, 1927.

Langdon, J., dissented.