[Civ. No. 6213. Second Appellate District, Division One.—June 28, 1929.]

STEPHINE OLGA METZLER, Appellant, v. LOS ANGELES RAILWAY CORPORATION et al., Respondents.

E. B. Drake for Appellant.

Gibson, Dunn & Crutcher and Norman S. Sterry for Respondents.

YORK, J.—Plaintiff and appellant brought this action to recover for personal injuries sustained by her as the result

of alleged negligence of the defendants. Defendants denied the negligence and in their answers affirmatively alleged contributory negligence on the part of plaintiff. Upon trial of the issues thus presented, the court, sitting without a jury, rendered judgment in favor of defendants.

Appellant now maintains that the findings made by the court are not responsive to the issues presented by the pleadings, that they are uncertain, vague, unintelligible, not precise or exact, and do not support the judgment, and urges that the court should have found upon the *degree* of defendants' negligence, and, further, that the findings show defendants guilty of gross negligence and that contributory negligence is not a defense thereto.

The court found that the defendant corporation maintained a station at the place of the accident, that the relation of carrier and passenger existed at the time of the accident and that defendant Chase negligently operated the train at a high rate of speed, but that plaintiff's contributory negligence was the proximate cause of the injury.

Upon a thorough examination of the record before us, which came up on a judgment-roll only, we are of the opinion that the findings are responsive to the issues presented by the pleadings and are sufficient to support the judgment.

It was a question for the trial court to determine from the evidence offered at the trial, whether the negligence of defendants or the contributory negligence of plaintiff was the proximate cause of plaintiff's injury. Having decided that plaintiff's negligence was the proximate cause of the accident, it was not incumbent upon the court to find as to the degree of defendants' negligence.

In the case of *Sego* v. *Southern Pac. Co.*, 137 Cal. 405 [70 Pac. 279], it was held by the Supreme Court that even though a railroad company may have been guilty of gross or wanton and wilful negligence in operating a train at an excessive rate of speed, still where it appeared that plaintiff was guilty of contributory negligence proximately the cause of the accident, a judgment of nonsuit was proper. For a discussion of this and other analogous cases, see *Atkins* v. *Bouchel*, 86 Cal. App. 294 [260 Pac. 828]; *Trulsson* v. *Southern Pac. Co.*, 42 Cal. App. 404 [183 Pac. 686]. The difficulty with appellant's case is that we have not before us the evidence. So far as here appears, the evidence

may have proved as a fact that the negligence of appellant was the proximate cause of the accident.

The judgment of the trial court is affirmed.

Conrey, P. J., and Houser, J., concurred.