Argued March 20; submitted on briefs for reargument December 9, 1930; affirmed January 13; rehearing denied March 17, 1931

# WEINSTEIN *v.* WHEELER

(295 P. 1096, 296 P. 1079)

520

*Randall S. Jones*, of Portland (E. L. McDougal, of Portland, on the brief) for appellant.

*Abe Eugene Rosenberg*, of Portland (Ralph A. Coan, of Portland, on the brief) for respondent.

ROSSMAN, J. It is impossible to determine from the record what error the circuit court felt it had committed. However, we notice that the plaintiff requested it to instruct the jury as follows:

"You are instructed that if you find from the evidence that the defendant in driving her automobile at

the time and place alleged in plaintiff's complaint, observed that the plaintiff was blind or in the exercise of reasonable diligence should have known that the plaintiff was blind, then she was negligent, if under such circumstances she failed to stop."

In giving this requested instruction the court added "or otherwise operate her automobile as an ordinarily prudent person." In the course of its instructions the court stated to the jury: "I will read what I consider are the salient parts of the complaint * * *

"That heretofore and on or about the 6th day of July, 1925, at about the hour of 3:30 p. m. the plaintiff was walking alone in an extremely careful and prudent manner and in a northerly direction on the west side of said Third street; that as the plaintiff was crossing said Caruthers street and was at a point eight feet into the intersection, measured from the southwest corner of said Third street and Caruthers street, the defendant was at the same time driving the automobile aforementioned westward along said Caruthers street near the place where the plaintiff was crossing the same."

■■ When this case was before this court previously Mr. Justice BELT on behalf of the court declared: "Those who drive automobiles on the streets of a city and who observe, or in the exercise of reasonable diligence ought to know, that a pedestrian is blind must use care commensurate with the danger involved. It will not do to drive on under such circumstances and assume that one thus deprived of sight will jump the right way. The automobile should be stopped." It is evident that the above language would be misconstrued if it were interpreted to mean that an automobile must be stopped whenever a blind person is observed in the street. The speed of the car may be so slow, the intervening space may be so great, or other circumstances

may so affect the situation that a reasonably prudent driver in the exercise of the requisite degree of caution would conclude that he could safely proceed. Possibly the gait of the blind person will itself take him out of the path of the approaching automobile before any danger arises. To hold that under all circumstances the car must be stopped would be tantamount to legislation. But due to the helplessness of the blind, which increases with the confusion of an approaching accident, there must be many instances when the precept of due care will be satisfied with nothing but a stopping of the automobile. This is especially true when the blind pedestrian is directly ahead, is himself exercising due care, and the approaching car is so near that a failure to stop would be reasonably likely to result in a collision. To such a situation the language of Mr. Justice BELT has especial application. We believe that the purpose of the complaint was to allege such a situation. We, therefore, conclude that the court erred when it failed to give to the jury the requested instruction without alteration.

Having reached the foregoing conclusion it necessarily follows that the order of the circuit court granting a new trial must be affirmed. But, since the respondent believes that the learned judge of the circuit court was induced to issue that order under the impression that he had committed other errors, also, we shall express our views upon these other contentions in the hope of facilitating the retrial.

■ The parties disagree whether the new matter averred in the answer was sufficient to constitute a defense. In order to impute a want of due care to the plaintiff it was not essential that the answer should allege conduct upon his part which amounted to negligence as a matter of law. Manifestly the purpose of

the answer was not to aver that after the plaintiff undertook to cross the street he failed to conform to some specific legal mandate and was, therefore, guilty of negligence as a matter of law, but was to charge him with failure to exercise ordinary prudence and to submit a set of circumstances which would warrant a jury in finding as a matter of fact that the plaintiff's conduct was negligent. (See by way of illustration, Cooley on Torts (3d Ed.) § 1428.)

It will be observed from the review of the answer in the preceding statement of facts that the plaintiff was walking north along the westerly side of the intersection of Third and Caruthers streets and had progressed two-thirds of the distance to the north curbstone; that the defendant was driving her automobile west in Caruthers street approaching Third street at a speed of approximately fifteen miles per hour; that when she observed the plaintiff she reduced her speed to ten miles per hour, and turning her car slightly to the left proposed to pass to the rear of him; that he became startled, confused, and turning suddenly about ran for the southwest curb, colliding with the car before she could avoid him. The answer charges the plaintiff with negligence in (1) neglecting to apprise himself of the presence of the automobile in the street; (2) failing to continue his course, and suddenly running for the curb after having turned about, and (3) walking in the street in a negligent manner. Both parties, in arguing the demurrer before this court, assumed that the answer conceded that the plaintiff is blind. The answer contains no such admission. The complaint, however, alleges the plaintiff's blindness and our decision upon this same cause when it was previously before us (127 Or. 408, 271 P. 733) recites that fact; on account of the above circumstances we shall assume

that the plaintiff's blindness satisfactorily appears in the answer. The question now occurs whether conduct of the kind described in the answer would warrant a finding that the plaintiff was guilty of negligence, or whether the demurrer should have been sustained on the theory that the facts stated in the answer do not reveal any failure of the plaintiff to exercise due care. The following excerpt, taken from our previous decision in this same case, defines in part the degree of care which must be exercised by a blind man in crossing the street:

"* * * The blind and the halt may use the streets without being guilty of negligence if, in so doing, they exercise that degree of care which an ordinarily prudent person similarly afflicted would exercise under the same circumstances. The true test to be applied to this case is: What would an ordinarily prudent person, who was blind and of the age and experience of the plaintiff, do to avoid injury upon hearing the sound of an approaching automobile when crossing the street?"

 The above states the rule applied to a blind person who is aware of an approaching automobile. The new matter alleged in the answer, however, accuses the plaintiff of having failed to apprise himself of the presence of the defendant's approaching automobile. The authorities which have passed upon similar situations are agreed that one deprived of sight need exercise no more than ordinary care in determining whether automobiles are being operated in the street; but, due care upon his part contemplates that he should bear in mind his disability and, therefore, make greater use of his remaining senses in an effort to apprise himself of the use which is being made of the street by others: *McLaughlin v. Griffin*, 155 Iowa 302 (135 N. W. 1107); *Keith v. Worcester and B. V. Street R. Co.*, 196 Mass.

478 (82 N. E. 680, 14 L. R. A. (N. S.) 648); *Johnson v. Boyle,* 5 La. App. 362; *Warruna v. Dick,* 261 Pa. 602 (104 Atl. 749); *Apperson v. Lazro,* 44 Ind. App. 186 (87 N. E. 97, 88 N. E. 99); *Horney v. Giering,* 132 Wash. 555 (231 P. 958). The appellant cites many authorities which hold that a pedestrian need not continually look and listen for automobiles when he is about to cross the public streets lest he be charged with contributory negligence should he collide with one of them. The degree of alertness which he must employ is dependent upon the attendant circumstances. One who is about to cross a street is required to exercise reasonable care for his own safety; he is bound to anticipate that vehicles may be present in the street, and to use reasonable prudence to avoid placing himself in such a position that the operator of an automobile who is himself exercising due care, may be unable to avoid injuring him: 42 C. J., p. 1148, § 922; Blashfield Cyc. of Automobile Law, p. 1037. It is evident that it was the purpose of the first subdivision of the new matter alleged in the answer to charge the plaintiff with the failure to exercise due care in apprising himself of the presence of automobiles in the street which he was about to cross. Nothing contained in our previous decision rendered it impossible for the defendant to make this charge. The authorities above cited warrant the conclusion that this portion of the answer alleged a good defense.

The second subdivision of the new matter charged the plaintiff with negligence in failing to continue his course across the street, and with suddenly running in the opposite direction. It is true, as the plaintiff contends, that a pedestrian who has been exercising due care for his own safety, and who is suddenly confronted with a rapidly approaching automobile cannot

be charged with contributory negligence should he fail in the emergency to select the course which will extricate him safely from the difficulty. But the answer does not concede that the plaintiff acted in an emergency; to the contrary, it alleges that when the plaintiff had traveled two-thirds of the distance across the intersection the defendant, while proceeding at a speed of ten miles per hour, attempted to pass to his rear. For present purposes we are compelled to assume that the driver was exercising due care. The conduct of a blind pedestrian, who under such circumstances would suddenly change his course, turn about, run for the curbstone which he had just left and thus collide with the automobile, might persuade a jury to find that he was guilty of negligence. A juror of cautious temperament might reasonably conclude that such action, unexplained, was not compatible with the exercise of due care; another juror, who was endeavoring with equal fidelity to apply to the plaintiff's conduct the standard of a reasonably prudent individual, but whose concern throughout life for his personal safety had been somewhat remiss, would possibly find in the above conduct the exercise of due care. Under such circumstances the parties must abide by the experiences of the community as revealed in the verdict of the jury. The court is unable to say that a blind person who would conduct himself in the manner described in this portion of the answer was entirely free from negligence. We refrain from setting forth a review of any cases because no other decision which has come to our attention embodied a set of circumstances substantially similar to the above. Accidents happen in such brief intervals of time that a slight variation in some important detail may ofttimes constitute the difference between the presence of negligence and its absence.

Having concluded that a juror could fairly and honestly find that the plaintiff's conduct, as described in this portion of the answer, was not free from negligence, it follows that in our opinion this subdivision of the answer alleged a good cause of defense.

■ The third subdivision of the new matter accused the plaintiff of "negligently walking across said street under the circumstances." The plaintiff argues that this allegation is nothing more than the statement of a legal conclusion. No motion was filed to require the defendant to add further particulars. It will be observed that this averment is not a mere statement that the plaintiff was injured by his own negligence, but constitutes the application of the word negligence to the act of walking which the pleader contends conduced the injury. Under such circumstances the allegation was sufficient: *Cederson v. Nav. Co.*, 38 Or. 343 (62 P. 637, 63 P. 763); *Chaperon v. Portland Electric Co.*, 41 Or. 39 (67 P. 928); *Coblentz v. Jaloff*, 115 Or. 656 (239 P. 825), and Clark on Code Pleading, p. 206.

We are of the opinion that the new matter alleged in the answer was not subject to demurrer.

The sufficiency of the answer did not become a factor in the admission of the evidence, but became material in determining the contents of the instructions. The latter, in addition to presenting to the jury the plaintiff's charges against the defendant, also reviewed the duty which a blind pedestrian owes as he crosses the street. The plaintiff's criticism of the instructions does not urge primarily that they fail to state faithfully the principles of law applicable to such a situation, but contends that no instructions whatever should have been given to the jury on that subject. In support of this contention the plaintiff argues, of

course, that the answer was insufficient. Having arrived at the conclusions set forth in the preceding paragraphs it necessarily follows that all assignments of error which are based upon the contention that the instructions given were erroneous, due to the alleged insufficiency of the answer, are without merit.

The remaining assignments of error are predicated upon instructions which stated to the jury (1) that the rule requiring an automobile to be driven upon the right-hand side of the road is not an invariable one; (2) that operators of motor vehicles need sound their horns only when occasion requires; (3) that if the evidence satisfied the jury that the defendant observed, or in the exercise of reasonable diligence should have observed, the plaintiff's blindness she was negligent if she failed to stop her automobile or adopted any other course which under like circumstances an ordinarily prudent person would have employed to avoid injuring the plaintiff. We have already disposed of this instruction.

 It was the contention of the defendant, supported by substantial evidence, that her presence upon the left-hand side of the street at the moment of the accident was due to her effort to avoid the plaintiff who had suddenly turned about from his northerly course and was rushing toward the south curb. Rules of the road similar to ours, which require the operation of automobiles upon the right-hand side of the roadway, do not contemplate strict compliance with their provisions except when a car meets and passes another coming from the opposite direction: *Clarke v. Woop,* 159 App. Div. 437 (144 N. Y. Sup. 595); *Hicks v. Morgan* (Tex. Civ. App.), 259 S. W. 263; *Ripley v. Wilson,* 140 Miss. 845 (105 So. 476); *Straten v. Spencer,* 52 Cal. App. 98 (197 P. 540); 42 C. J., Motor Vehicles, § 611, p. 902.

The four cases above cited represent instances where the driver, in an effort to avoid collision, turned to the left-hand side of the roadway; the courts held such conduct justifiable. In 42 C. J., p. 908, § 620, a collection of cases will be found to similar effect. It is our conclusion that the instruction was without error.

■ The instruction which informed the jury that it is incumbent upon operators of motor vehicles to sound their horns only when occasion demands faithfully stated the rule expressed by 1927 Session Laws, ch. 362, § 3, subd. 2. The plaintiff argues, however, that the instruction was inappropriate to this case, because the defendant in the new matter of her answer previously quoted, charged the plaintiff with negligence in failing to inform himself of the presence of the defendant's automobile in the streets. This contention would possess merit if the defendant had been aware of the fact that the individual whom she saw crossing the street was blind. She submitted testimony to the effect that the plaintiff's conduct did not distinguish him as a blind person. Under such circumstances it was possible for the plaintiff to be guilty of negligence in not apprising himself of the presence of automobiles, and yet for the drivers of cars to be free from negligence, even though they did not sound their horns when they saw him cross the street. The instructions fully stated to the jury the law applicable to both situations.

The above disposes of substantially all of the contentions. The remaining ones we believe will cause no difficulty upon the retrial.

It follows that the order of the circuit court granting a new trial will be affirmed.

CAMPBELL, J., did not participate in this decision.

Petition for rehearing denied March 17, 1931

ON PETITION FOR REHEARING
(296 P. 1079)

ROSSMAN, J. The brief accompanying the petition for a rehearing argues that our previous decision was in error for the following reasons: (1) The requested instruction, enunciating under what conditions a driver should stop his car when he observes a blind person directly ahead, was based upon a misapplication of the law; (2) any instruction upon the duty of stopping was inappropriate to this case because the complaint did not specify a failure to stop the automobile as a charge of negligence; and (3) the plaintiff did not except when the court modified plaintiff's requested instruction by adding the clause quoted in our previous decision.

We shall not repeat the reasons which persuaded us that the requested instruction, when applied to the situation described in the complaint, should have been given. After considering the matter once more we remain satisfied with the conclusion previously announced. The defendant seems to be alarmed at the possible result if the instruction should be given upon the retrial in the precise language in which it is now couched. It is not essential that a trial court should ever adopt as its own the language of a requested instruction. The substance, but not the phraseology, is the important item. The principle, embodied in a requested instruction, if applicable to the case, may always be expressed in the language of the presiding judge so as to make its application by the jury just.

It is true that the complaint did not itemize a failure to stop as one of the specifications of negligence. But it did aver that the defendant drove her car "in

such an exceedingly careless, reckless, negligent, and dangerous manner.'' It specifically charged the defendant with excessive speed, failure to slow down, skidding for a distance of sixty feet, and a failure to place her car under her control. It seems to us that any defendant confronted with such a charge would readily understand that all details included within the above specification would likewise be relied upon by the plaintiff; for instance, turning aside or stopping. And that being true it was not necessary to add prolixity to the pleading by specifically naming the implied details. Reasonable clearness in pointing out the duty and its breach satisfies the requirement that the pleader shall use ''plain and concise language.'' Moreover, all of the evidence showing the need, or its lack, of stopping was developed without objection. The first mention of the absence of a specification charging a failure to stop occurs in this petition for a rehearing. If we should be warranted in believing that the pleading was insufficient to include this charge, which we do not, yet section 1-911, Oregon Code 1930, demands that we disregard this error.

The fact that the plaintiff did not except to the court's modification of plaintiff's requested instruction did not preclude the trial court from granting a new trial when it discovered its error: *Spokane County v. Pacific Bridge Co.*, 106 Or. 550 (213 P. 151).

The petition for a rehearing is denied.