Argued May 28; affirmed July 1, 1947

# AUSTIN *v.* PORTLAND TRACTION CO. ET AL.
## (182 P. (2d) 412)

In Banc.

*Justin N. Reinhardt,* of Portland (with James Arthur Powers, of Portland, on brief) for appellant.

*David Sandeberg,* of Portland (with Victor E. Harr, of Portland, on brief) for Respondent Mabel Austin.

*John J. Coughlin,* of Portland (with Griffith, Peck, Phillips & Nelson, of Portland, on brief) for Respondent Traction Company.

HAY, J.

This is an action for damages for negligence. The complaint alleges as follows: Plaintiff was a passenger on one of the defendant Portland Traction Company's buses which was being driven northerly on Northwest Sixteenth Avenue in Portland. At the intersection of such street with Northwest Marshall Street a collision occurred between the traction company's bus and a truck belonging to defendant Oregon Transfer Company. The transfer company was negligent in operating its truck at an unreasonable and imprudent rate of speed in view of the circumstances and conditions at the intersection, in failing to keep its truck under proper control, in failing to keep a proper lookout for traffic and particularly for the traction company's bus, and in failing to yield the right of way to the bus. The traction company was negligent in failing to keep a proper lookout for traffic and particularly for the transfer company's truck, in failing to keep its bus under control, and in operating its bus at an unreasonable and imprudent rate of speed. As a result of the collision, plaintiff suffered serious physical injuries of a permanent nature, for which damages in the sum of $15,000 are demanded. The defendants each admitted the collision, and each attributed it to the negligence of the other in the respects alleged in the complaint. In addition, the transfer company alleged that the accident was brought about by the traction company's negligence in driving its bus into the intersection to the left of the center of Sixteenth Avenue, and in con-

tinuing on in an undeviating line until it collided with the truck. Trial by jury resulted in a verdict and judgment against defendant transfer company for $3,500. Its motion for a new trial was denied, and it has appealed from the judgment.

Sixteenth Avenue and Marshall Street intersect each other at right angles. Each street is thirty-six feet wide. The plaintiff, Mabel Austin, a woman of about sixty-five years of age, was a passenger upon the traction company's bus, which was proceeding northerly on Sixteenth Avenue. At the intersection of that street and Lovejoy Street, which is one block south of the Marshall Street intersection, the bus made a stop. Proceeding from that point, it entered the Marshall Street intersection at a speed estimated by witnesses to have been between twelve and twenty miles an hour. The easterly half of Sixteenth Avenue available for the passage of the bus was somewhat restricted in area by the presence of parked automobiles along the curb. When the bus had proceeded into the intersection to a point where the driver's seat was about three feet beyond the south curb line of Marshall Street, the driver looked to his left and observed the transfer company's truck proceeding easterly on Marshall Street toward the intersection and about one hundred feet west thereof. The bus proceeded into the intersection and was approximately two-thirds of the way through it when the collision occurred. There was evidence that the truck entered the intersection at a relatively high rate of speed, estimated by witnesses at from twenty-five to fifty miles an hour. More vividly and, we think, more reliably, one witness testified that it was going too fast to stop, and another that it was going too fast to make a turn. Immediately

prior to the collision, the bus appears to have followed an undeviating course, while the truck swerved sharply to the left, as indicated by skid marks or tire marks on the pavement. The bus, without passengers, weighed approximately ten tons and the loaded truck weighed approximately five tons. In the collision, the right front end of the truck came in contact with the bus at or near the left front wheel. The force of the impact was so severe that the truck driver was thrown from his vehicle and the bus driver was caused momentarily to lose control of the bus, which swerved to its right over the easterly curb of Sixteenth Avenue and proceeded one hundred twenty-three feet northerly beyond the point of impact, where it collided with a telephone pole. The truck traveled thirty-two feet beyond the point of impact before stopping.

■■ The trial court withdrew from the jury the question of whether or not the traction company was negligent in driving its bus to the left of the center line of Sixteenth Avenue. This is assigned as error. Ordinarily, proximate cause presents a question of fact, to be determined by the jury. *Miami Quarry Co. v. Seaborg Packing Co.*, 103 Or. 362, 370, 204 P. 492. It is a jury question whenever the facts upon which it depends are controverted, or are of such character that different minds might reasonably draw different conclusions therefrom. *Voshall v. Northern Pacific Terminal Co.*, 116 Or. 237, 244, 240 P. 891; *Schrunk v. Hawkins,* 133 Or. 160, 169, 289 P. 1073; *Maletis v. Portland Traction Co.,* 160 Or. 30, 36, 83 P. (2d) 141; 38 Am. Jur., Negligence, section 351. The transfer company contends that the court's action deprived it of its theory of defense.

■ There was some evidence that the bus, at the time of the collision, was on its own side of Sixteenth

Avenue. We shall assume, however (and the weight of the evidence warrants such assumption) that in fact it projected one foot to the west of the center of the street. There was no marked center line. There were cars parked along the easterly curb of the street. South bound vehicles had met and passed the bus within the block between Lovejoy and Marshall Streets. There is considerable argument in the briefs upon the question of whether or not the fact that the front end of the truck extended beyond its front axle and wheels indicated that the actual point of impact was east of the center of the street. Such argument, however, appears to us, under the circumstances, to be irrelevant. The evidence shows that the truck approached and entered the intersection at an unreasonably high rate of speed. If the driver intended to make a left turn, the law required him to enter the intersection in the traffic lane to the right of and nearest to the center line of Marshall Street, and to leave it by passing to the right of the center line of Sixteenth Avenue. Section 115-334, O. C. L. A., as amended by chapter 428, Oregon Laws 1941. Under the circumstances, he could not have made a left turn in such manner without colliding with the bus. The bus had entered and was traversing the intersection at a reasonable speed. The evidence clearly indicates that it entered the intersection ahead of the truck. It had the right of way and the truck should have yielded. Section 115-337, O. C. L. A. In our opinion, reasonable minds could come to no other conclusion from the evidence than that the proximate cause of the accident was the negligence of the truck driver in failing to keep a proper lookout for the bus, in driving at an unreasonable rate of speed, and in failing to yield the right of way to the bus.

 The transfer company argues that the driving of the bus one foot to the left of the center of Sixteenth Avenue, being in violation of a statute, was negligence as a matter of law. The rule of the road indeed requires a motor vehicle to be driven upon the right half of the highway, except when overtaking or passing another vehicle proceeding in the same direction. Section 115-327, O. C. L. A. Such requirement, however, is not absolute under all circumstances, and the rule does not contemplate a strict compliance therewith by drivers except when meeting and passing vehicles coming from the opposite direction. *Weinstein v. Wheeler,* 135 Or. 518, 529, 295 P. 196, 296 P. 1079; *Hartley v. Berg,* 145 Or. 44, 53, 25 P. (2d) 932; *Lavigne v. Portland Traction Co., Or.* 170 P. (2d) 709, 711. If there had been substantial evidence that the driving of the bus one foot over the center of this relatively narrow street, under the circumstances of the present case, was a proximate cause of the collision, then the question of the traction company's negligence in that respect should have been submitted to the jury under proper instructions. The trial judge, however, was of the opinion that the collision would have occurred, under the circumstances, even if the bus had been entirely upon the right side of the street, and that the fact that it was one foot over the center of the street was not a proximate cause of the collision. We concur in that opinion. Whether negligence or not, driving one foot over the center of the street was not, under the circumstances, such negligence as to be available to the transfer company as a defense. *Cosgrove v. Tracey,* 156 Or. 1, 13, 64 P. (2d) 1321; *Archer v. Gage,* 126 Or. 532, 553, 270 P. 521; *Eklof v. Waterston,* 132 Or. 479, 487, 285 P. 201, 68 A. L. R. 1002; *Landis v. Wick,* 154 Or. 199, 216, 57 P. (2d) 759, 59 P. (2d) 403; *Staples*

*v. Senders,* 164 Or. 244, 255, 96 P. (2d) 215, 101 P. (2d) 232; 38 Am. Jur., Negligence, section 166. A defendant, upon proper request, is entitled to have the court instruct the jury on his theory of the case, if within the issues and if there is any evidence to sustain an instruction thereon. *Snabel v. Barber,* 137 Or. 88, 95, 300 P. 331. Here, however, there was no evidence— at least, no substantial evidence—sufficient to require the submission of the traction company's alleged negligence to the jury, and the court's withdrawal thereof was not error. *Storla v. S., P. & S. Trans. Co.,* 136 Or. 315, 320, 297 P. 367, 298 P. 1065; *Armitage v. Seaboard Air Line Ry. Co.,* 166 S. C. 21, 164 S. E. 169, 171. The evidence, we think, shows plainly that the bus driver had no opportunity to avoid the collision. When he looked first to his left, the truck was a hundred feet away. The intersection was clear of traffic. The bus had the right of way, and the truck was not an immediate hazard. The driver was justified in proceeding into the intersection.

It is to be observed that the driver of the truck did not testify at the trial. The transfer company intimated that it could not find him.

■ A traffic officer, who made an official investigation of the accident some little time after it had taken place, testified as a witness for plaintiff. Having qualified as an expert, and basing his conclusions upon debris and skid marks upon the surface of the street, he testified that the point of impact between the two vehicles was one foot west of the center of the intersection. On cross-examination by counsel for the traction company, the officer, upon request, produced a copy of his official report of the accident, upon which he had drawn a rough sketch showing the relative

positions of the two vehicles when they collided. The sketch was admittedly not drawn to scale. It indicated that the bus was upon the east half of Sixteenth Avenue, thus tending to contradict the officer's testimony upon direct examination that the bus had been one foot west of the center of the street. The transfer company objected to the reception of the sketch in evidence, upon the ground that it was offered as substantive evidence to show the relative position of the vehicles at the time of the impact.

Maps and diagrams may be received in evidence for the purpose of illustrating the testimony of witnesses. 32 C. J. S., Evidence, section 730; *Babcock v. Gray,* 165 Or. 398, 409, 107 P. (2d) 846. They should not, however, be received as substantive evidence of matters delineated thereon. *Walling v. Van Pelt,* 132 Or. 243, 245, 285 P. 262.

■ The traction company takes the position that it was entitled to cross-examine the officer as to any matter stated in his direct examination or connected therewith; that, in his direct examination, the officer had fixed the point of impact; and that it was competent on cross-examination to impeach him by introducing in evidence the sketch which he had drawn as a part of his official report. The position of the skid marks left by the tires of the two vehicles and the point of impact at the intersection of such skid marks were determined by the officer by actual measurements. Upon the basis of such measurements, he testified, as we have stated, that the bus had been driven one foot west of the center of Sixteenth Avenue. Although admittedly the sketch was not intended to be accurate in detail, we are of the opinion that it was within the sound discretion of the court to permit

it to be received on cross-examination, as being in the nature of a prior declaration of the witness inconsistent with his present testimony. Sections 4-708 and 4-712, O. C. L. A. It was not received as substantive evidence, but simply for the purposes of impeachment. *Bennett v. Spagele,* 166 Or. 449, 452, 454, 113 P. (2d) 207. From its appearance and from the witness's explanation, it should have been obvious to the jury that the exhibit was not based upon accurate measurements, but was a mere rough sketch. We are unable to say that the court erred in receiving it in evidence on cross-examination for the limited purpose of whatever it may have been worth by way of impeachment. 70 C. J., Witnesses, section 839; *People v. Salimone,* 265 Mich. 486, 251 N. W. 594, 599; *Acme Mills v. Moore,* 231 Ky. 720, 22 S. W. (2d) 105, 106.

■ Although it took no exceptions to the court's instruction submitting to the jury the question of whether or not plaintiff's injuries were permanent, defendant transfer company complains that the court erred in making such submission. We have considered the point, however, inasmuch as the bill of exceptions (albeit erroneously) recites that the transfer company "duly excepted" to the instruction. Plaintiff testified that, as a result of the accident, she was rendered unconscious and received certain detailed physical injuries. Thereafter, she suffered severe headaches and dizziness and hemorrhages from the nose, none of which had affected her theretofore. Dr. Alan Welch Smith, as plaintiff's witness, testified that plaintiff had sustained a severe cerebral concussion, injuries to her neck, ankle and back, and a bruising of her right chest wall. When he first examined her, about a month after the accident, she was "uncertain on her

feet'', had severe headaches and nasal hemorrhages, and was exceedingly nervous. At the time of the trial (a year and a half after the accident) while the nose-bleeding condition had cleared up, the headaches still persisted, she showed a positive reaction to the Romberg test, and was still having trouble with her ankle and with a soreness in one finger. She had improved considerably within the six months immediately prior to the trial, but continued to suffer from the effects of the cerebral disturbance. He was of the opinion that her injuries had resulted in permanent partial disability. Evidence was adduced by both defendants indicating to the contrary, but we feel that the evidence on the part of plaintiff showed a reasonable probability of permanent disability sufficient to carry the question to the jury. *Lott v. DeLuxe Cab Co., Inc.,* 136 Or. 349, 354, 299 P. 303; *Barron v. Duke,* 120 Or. 181, 194-5, 250 P. 628; *Madden v. Columbia & Nehalem River R. R.,* 101 Or. 562, 568, 200 P. 1038.

The judgment is affirmed.