Argued June 3, reversed and remanded November 25, 1970

# LINDNER, *Appellant, v.* AHLGREN, *Respondent.*

477 P2d 219

*Frank H. Hilton, Jr.*, Portland, argued the cause for appellant. With him on the brief were Dwight L. Schwab and Hutchinson, Schwab & Burdick, Portland.

*Melvin Kosta*, Klamath Falls, argued the cause for respondent. With him on the brief were Robert Boivin and Boivin, Boivin and Kosta, Klamath Falls.

DENECKE, J.

The defendant won a jury verdict in an intersection collision case and plaintiff appeals.

The plaintiff was driving north and the defendant east. The collision admittedly occurred at least three feet to the left of the center of the street upon which plaintiff was traveling or upon plaintiff's "wrong side of the road." Defendant charged the plaintiff was negligent in failing to drive on the right half of the highway.

ORS 483.302 provides:

"(1) Except as otherwise provided by ORS 483.304, upon all highways of sufficient width, the driver of a vehicle shall drive on the right half of the highway except when:

"(a) The right half is out of repair and for that reason is impassable; or

"(b) Overtaking and passing another vehicle in accordance with ORS 483.308.

"(2) In driving upon the right half of a highway the driver shall drive as close as practicable to the right-hand edge or curb of the highway except when:

"(a) Overtaking or passing another vehicle; or

"(b) Placing a vehicle in position to make a left turn."

Plaintiff contends the trial court erred in instructing the jury that this statute applied and that a violation thereof was negligence per se. At trial the plaintiff excepted to the giving of such instructions.

The plaintiff contends that the statute was inapplicable because the vehicles were not in a meeting situation and that even if the statute were applicable the instruction must be modified by stating that the statute requires driving as closely to the right-hand edge as a reasonably prudent person would drive his automobile.

The defendant contends that if the plaintiff had wanted a modification of the statutory instruction she should have asked for it and that the exception made was inadequate to call the court's attention to "the absence of the 'prudent man' yard stick language." For these reasons defendant argues that plaintiff waived any alleged errors.

A review of our decisions causes us to conclude that some of our past pronouncements are responsible for what we now find to be erroneous rulings by the trial court and faulty contentions by the parties.

In *Weinstein v. Wheeler*, 135 Or 518, 529, 295 P 196, 296 P 1079 (1931), the plaintiff was a pedestrian walking across the street who was struck by the defendant's vehicle. The testimony was that the defendant swung left of the center line in order to pass behind the plaintiff then the plaintiff turned about and ran into defendant's path The trial court instructed the jury the rule of the road requiring a driver to stay upon the right half of the road was not "an invariable one." We approved, stating: "Rules of the road similar to ours, which require the operation of automobiles upon the right-hand side of the road-

way, do not contemplate strict compliance with their provisions except when a car meets and passes another coming from the opposite direction: * * *." 135 Or at 529.

In *Hartley v. Berg*, 145 Or 44, 53, 25 P2d 932 (1933), the defendant drove on the left side of the road and then off the road, injuring plaintiff. The court held the trial court erred in instructing the jury that failing to drive upon the right half was negligence as a matter of law:

> "The trial court should have submitted the question to the jury as to whether or not defendant's driving upon his left side of the highway constituted negligence." 145 Or at 53.

*Hamilton v. Finch*, 166 Or 156, 109 P2d 852, 111 P2d 81 (1941), involved a pedestrian struck while crossing the street. Plaintiff contended the defendant motorist was negligent as a matter of law because he violated that part of the statute requiring one to drive as closely to the right-hand edge as practicable. In our opinion by Mr. Justice LUSK we held the statute was inapplicable "because the statute was not enacted for the protection of pedestrians but for the regulation of vehicular traffic. See, *Hartley v. Berg*, 145 Or. 44, 53, 25 P. (2d) 932; *Weinstein v. Wheeler*, 135 Or. 518, 529, 295 P. 196, 296 P. 1079 * * *." 166 Or at 171.

*Austin v. Portland Traction Co.*, 181 Or 470, 182 P2d 412 (1947), involved an intersection collision between vehicles. The bus was one foot into the left side of the street. The court reiterated that the rule requiring one to drive on the right side does not "contemplate strict compliance therewith by drivers except when meeting the passing vehicles coming from the opposite direction." 181 Or at 476.

In *Spence, Adm'x v. Rasmussen*, 190 Or 662, 684, 226 P2d 819 (1951), we stated:

"As so construed, the statute applies when vehicles are approaching from the front, not from the rear. The primary purpose of the statute is to provide ample clearance between motor vehicles proceeding in opposite directions when passing. Consequently, it follows as a matter of law that decedent was not at the time of the collision violating the provisions of § 115-327, for he was not then meeting or passing another vehicle coming from the opposite direction. The Spurgeon truck had met and passed him."

*Falls v. Mortensen*, 207 Or 130, 295 P2d 182 (1956), involved a plaintiff pedestrian being hit while crossing the street. The trial court read to the jury the statute requiring drivers to drive on the right side and drive as closely as practicable to the right-hand edge. The trial court then added:

" 'The Statute which I have just read to you means that under the conditions described in the Statute, one should drive as closely to the right hand edge of the highway as a reasonably prudent person would drive his vehicle, under all the conditions and circumstances existing. If you find that the defendants failed to so operate their vehicle, then the defendants will be negligent in that respect.' " 207 Or at 154.

These instructions were assigned as error. After a review of the same decisions we have just discussed the court stated:

"\* \* \* In none of these cases was there an occupancy of the left lane of travel such as to create a dangerous situation if the traveler on the right side should encroach upon the left lane. We agree that the primary purpose of the statute was to provide ample clearance for cars proceeding in

opposite directions when passing. The language used in the decision was appropriate to the facts of the specific cases, but none of the cases resembled the one at bar. Here there was evidence that a pedestrian was in the left lane when hit. Though plaintiff was not going in the opposite direction from that of defendant, he was going at approximate right angles to the course of the defendant and defendant was meeting and passing him. The situation presented in different form the very danger which was contemplated by the statute." 207 Or at 158-159.

However, the court went on to state:

"We do not construe the instruction given as applying the rule of negligence per se. As explained in the last paragraph of the instructions, the court indicated that the test was that of a reasonably prudent person under all of the circumstances. * * *." 207 Or at 159.

*Johnson v. Bennett*, 225 Or 213, 357 P2d 527 (1960), is another pedestrian case. The court approved the trial court's removing the allegation of negligence that the driver failed to keep as close as practicable to the right-hand edge. The court relied primarily upon *Hamilton v. Finch*, supra (166 Or 156). *Falls v. Mortensen*, supra (207 Or 130), was distinguished upon the grounds that there was no adequate exception to the instruction and the court construed the instruction given as not applying the negligence per se rule.

*Ore. Farm Bur. Ins. v. Harmon*, 239 Or 282, 397 P2d 534 (1964), concerned a collision in which the plaintiff turned onto the left side of the highway and struck a parked combine. We held the trial court erred in instructing the jury that the statute required one to drive on the right half of the highway and that a violation of such statute was negligence per se. Our

decision was: "The court should have submitted to the jury the issue of whether Mrs. Holmes, in turning to the left side of the highway under the circumstances then and there existing, acted as a reasonably careful and prudent person." 239 Or at 288.

This review has convinced us that *Falls v. Mortensen*, supra (207 Or 130), is primarily responsible for the uncertainty and incongruity in the field. It is the only decision which holds that the statute with which we are involved applies to other than meeting vehicles. *Falls v. Mortensen*, supra (207 Or 130), is also the origin of the belief that in a nonvehicle meeting situation instructing in the words of the statute is permissible provided that at the end of the statutory language the court adds words to the effect that the statute only requires one to drive as closely to the right-hand edge of the highway as a reasonable person would drive.①

■ We hold that *Falls v. Mortensen,* supra (207 Or 130), is incorrect and contrary to our other decisions in holding that ORS 483.302 is applicable to any situation except that in which oncoming vehicles are meeting. The decision is also responsible for needless ambiguity because it approved an instruction setting out the statute and then stating in effect that regardless of the statute the test is what would a reasonably prudent man do. When the test is the reasonably prudent man, it is extremely misleading to attempt to link

---

① The defendant contends Austin v. Portland Traction Co., supra (181 Or 470), also holds the statute applicable to a nonmeeting situation. We do not so interpret it. The defendant also relies upon Waller v. Hill, 183 Or 53, 57-58, 190 P2d 147 (1948). However, in that case the vehicles were meeting.

this with the explicit command of a statute. *Falls v. Mortensen* is overruled to this extent.[2]

██ Because of our holding that the statute was not applicable the plaintiff had no obligation to request a "modified" statutory instruction in order to preserve her claim of error. Likewise, the exception was adequate to call the trial court's attention to plaintiff's contention that the statute was not applicable. The instruction given was in error.

Reversed and remanded.

---

[2] Even when vehicles meet we have held that a party not driving on the right half of the road is not necessarily negligent when driving on other than the right half of the road if he acted as a reasonably prudent person. Raz v. Mills, 231 Or 220, 226, 372 P2d 955 (1962); Harrison v. Avedovech, 249 Or 584, 588-590, 439 P2d 877 (1968).