Argued and submitted January 27, reversed and remanded August 10, petition for review denied October 18, 1994 (320 Or 272)

# STATE OF OREGON,
*Appellant,*

*v.*

# KELLY JEAN MEALER,
*Respondent.*

## (92CR1616; CA A77294)

879 P2d 230

Youlee Yim You, Assistant Attorney General, argued the cause for appellant. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Mary M. Reese, Deputy Public Defender, argued the cause for respondent. With her on the brief was Sally L. Avera, Public Defender.

Before Deits, Presiding Judge, and Richardson, Chief Judge, and Riggs, Judge.

DEITS, P. J.

## DEITS, P. J.

The state appeals the trial court's granting of a motion to suppress evidence obtained during a traffic stop on the ground that the officer lacked authority to stop defendant. We reverse and remand.

In July, 1992, Officer Fults observed defendant's car parked next to the curb on a two-way street in North Bend. The car was parked facing the opposite way as the traffic. She then saw the car pull away from the curb and drive down the wrong side of the street for approximately a half block. Fults did not see any other vehicles on the street at the time that defendant was driving on the wrong side. She then followed defendant's vehicle and stopped it based on her belief that defendant had committed a traffic infraction in her presence. When Fults asked defendant for her driver's license, defendant said that her license was suspended. Fults noticed that defendant's eyes were glassy and bloodshot, her speech was slurred and she smelled of alcohol. Defendant was arrested for felony driving while suspended and driving under the influence of intoxicants. ORS 811.182; ORS 813.010. During a pat-down search incident to arrest, Fults found marijuana on defendant's person.

Defendant moved to suppress all evidence obtained from defendant during the traffic stop on the basis that the officer lacked authority to stop defendant. The trial court stated that it believed all of the officer's testimony, but concluded that there was not a sufficient basis for the stop because a person who drives on the wrong side of the road is not in violation of the statute when there is no oncoming traffic. The court found that there was no such traffic at the time that defendant drove on the wrong side of the road. The state assigns error to the trial court's granting of the motion to suppress.

■     A police officer may stop a person for a traffic infraction when the offense is committed in the officer's presence. ORS 810.410.[1] Officer Fults believed that two offenses had

---

[1] ORS 810.410 reads, in pertinent part:

"(2) A police officer may issue a citation to a person for a traffic infraction at any place within or outside the jurisdictional authority of the governmental unit by which the police officer is authorized to act when the traffic infraction is

been committed in her presence. First, she thought that defendant had violated ORS 811.570(1)(a)(A), requiring vehicles to be parked parallel to the right side of a two-lane road. Second, she thought that defendant had violated ORS 811.295, which requires, with certain specified exceptions, that drivers operate their vehicles on the right side of the road.

The state argues that the trial court erred in concluding that it is not a violation of ORS 811.295 to drive on the wrong side of the road unless there is oncoming traffic. ORS 811.295 provides, in part:

"(1) A person commits the offense of failure to drive on the right if the person is operating a vehicle on a roadway of sufficient width and the person does not drive on the right half of the roadway.

"(2) A person is not required to drive on the right side of the roadway by this section under any of the following circumstances:

"(a) When overtaking and passing another vehicle proceeding in the same direction under the rules governing this movement in ORS 811.410 to 811.425 or 811.808.

"(b) When preparing to turn left in an intersection, alley or private road or driveway.

"(c) When an obstruction or condition exists making it necessary to drive to the left of the center of the roadway, provided that a driver doing so shall yield the right of way to all vehicles traveling in the proper direction upon the unobstructed portion of the roadway within a distance as to constitute an immediate hazard.

"(d) Upon a roadway divided into three marked lanes for traffic under the rules applicable on the roadway under ORS 811.380.

"(e) Upon a roadway restricted to one-way traffic."

committed in the police officer's presence or when the police officer has probable cause to believe an offense has occurred based on a description of the vehicle or other information received from a police officer who observed the traffic infraction from a train.

"(3) A police officer:

"(a) Shall not arrest a person for a traffic infraction.

"(b) May stop and detain a person for a traffic infraction for the purposes of investigation reasonably related to the traffic infraction, identification and issuance of citation."

██    In interpreting a statute, our task is to determine the intent of the legislature. We must begin with the text and context of the statute. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). The text of a statute is the best indication of the legislature's intent. Here, the text of ORS 811.295 clearly provides that a person violates the statute by driving on the wrong side of the road. There is absolutely nothing in the text that indicates that this requirement applies only when there is oncoming traffic. Further, the statute specifies exceptions to the requirement that a person drive on the right side of the road, none of which refers to the absence of oncoming traffic. This also supports the conclusion that we should not read such an exception into the statute.

In arguing that ORS 811.295 is not violated unless there is oncoming traffic, defendant relies on a number of civil cases that interpreted predecessors to ORS 811.295[2] for purposes of establishing negligent conduct. *See, e.g., Ore. Farm Bur. Ins. v. Harmon*, 239 Or 282, 397 P2d 534 (1964); *Hamilton v. Finch*, 166 Or 156, 109 P2d 852 (1941); *Weinstein v. Wheeler*, 135 Or 518, 295 P 196 (1931). Although the trial court found those cases persuasive, we do not believe that they are dispositive of the question presented here.

██    The issue in those cases was whether a negligence *per se* instruction should have been submitted to a jury where a person failed to drive on the right side of the road. Under the doctrine of negligence *per se*,

> "courts may adopt the conduct required by [criminal or regulatory] statutes as that which would be expected of a reasonably prudent person * * *. However, when the statutes are not enacted for the purpose of determining civil liability, there is no requirement that courts do so." *Miller v. City of Portland*, 288 Or 271, 277, 604 P2d 1261 (1980).

To determine whether the criterion of the statute should be substituted for that of a reasonably prudent person, the court must consider whether the injured person is a member of the

---

[2] Although the statutory provisions at issue in those cases all concerned driving on the right side of the road, each differed from ORS 811.295. Accordingly, several of the decisions interpreting those statutes could be distinguished on that basis alone. However, because those cases are not controlling, we need not discuss the language specific to each of the former statutes.

class intended by the legislature to be protected, and whether the harm is of the kind which the statute was intended to prevent. 288 Or at 276.

■    In negligence cases involving predecessors to ORS 811.295, the Supreme Court has held repeatedly that statutes requiring a driver to drive on the right apply only when there is oncoming traffic. *See Lindner v. Ahlgren*, 257 Or 127, 477 P2d 219 (1970), and cases cited therein. In other words, the court has concluded as a matter of law that a reasonably prudent person would drive on the right side of the road whenever there is oncoming traffic and, therefore, a person who fails to do so under such circumstances is presumed to be negligent. In contrast, in the absence of oncoming traffic, it is up to the jury to determine whether the person's failure to drive on the right side of the road constitutes negligence.

■    The above analysis from negligence cases, however, is immaterial when the question is whether a person has committed a criminal or traffic offense. A person may violate a statute even though the conduct constituting the violation is not negligent. That distinction was recognized in *State v. Betts*, 235 Or 127, 384 P2d 198 (1963), in which the Supreme Court found that the trial court erred in allowing the jury, in deciding whether defendant was grossly negligent, to consider the fact that defendant drove on the wrong side of the road. The court concluded that a violation of the statute prohibiting driving on the left[3] did not constitute negligence unless other traffic was involved in the accident. *State v. Betts, supra*, 235 Or at 142. The court noted, however, that "[d]riving on the left when such driving is prohibited by

---

[3] *Former* ORS 483.308 (*amended by* Or Laws 1969, ch 215, § 1, *repealed by* Or Laws 1975, ch 451, § 291) provided, in part:

"(1)  The driver of a vehicle shall not drive to the left side of the center line of a highway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without impeding the safe operation of any vehicle approaching from the operation of any vehicle overtaken.

"(2)  The driver of a vehicle shall not in any event drive to the left side of the center line of a highway.

"(a)  When approaching the crest of a grade or upon a curve in the highway where the driver's view along the highway is obstructed within a distance of 500 feet[.]"

statute is a traffic offense, * * * regardless of whether or not other traffic is in the vicinity." 235 Or at 142 n 1.

■     We conclude, based on the plain language of the statute, that a person violates ORS 811.295 by driving on the wrong side of the road, regardless of whether there is oncoming traffic.[4] Accordingly, Fults's stop of defendant was justified, and the trial court erred in granting the motion to suppress.[5]

Reversed and remanded.

---

[4] Because we conclude that the stop was justified by the officer's observation of the violation of ORS 811.295, we need not address the question of whether the parking offense that defendant allegedly committed in Fults's presence would also justify the stop.

[5] In *State v. Johnson*, 106 Or App 371, 374 & n 1, 808 P2d 718 (1991), we noted that it was "questionable" whether a person whose vehicle crossed the center line violated ORS 811.370, or the related statute ORS 811.295, when there was no oncoming traffic. However, that statement was *dicta* and, to the extent that it is inconsistent with our holding here, it is disapproved.