Argued March 30, affirmed May 25, 1955

# HYATT *v.* JOHNSON

284 P. 2d 358

*Duane Vergeer* argued the cause for appellant.

*Burl L. Green* argued the cause for respondent.

PERRY, J.

This is an action by the plaintiff John C. Hyatt against the defendants Harry L. Johnson and Otis L. Vaughn to recover damages for personal injuries received by the plaintiff in an automobile accident. The jury returned a verdict against the defendants, and each of them, and, from the judgment entered thereon, the defendant Harry L. Johnson has appealed.

The record discloses that this accident occurred near the intersection of N. E. 162nd avenue and N. E. Sandy Boulevard in Multnomah county, and at the time of the accident some fog existed to the east of this intersection. At this point, N. E. Sandy Boulevard is a three-lane highway running in a generally easterly and

westerly direction; N. E. 162nd avenue runs in a northerly direction. The plaintiff was proceeding in an easterly direction on the most southerly lane of Sandy Boulevard; the defendant Johnson was proceeding in a westerly direction on N. E. Sandy Boulevard; and the defendant Vaughn was proceeding in a northerly direction from N. W. 162nd avenue into N. E. Sandy Boulevard. The automobiles being driven by the defendants Johnson and Vaughn collided on N. E. Sandy Boulevard. After this impact occurred, the defendant Johnson's car went out of control and crossed over into the southernmost lane of the highway and collided with the plaintiff's vehicle, which was then at a standstill. There is evidence in the case from which the jury could find that the collision between the automobiles of Johnson and Vaughn occurred in the center lane of the highway.

The plaintiff charged the defendant Johnson, among other charges of negligence, with being negligent in the following particulars, which are necessary for our consideration of the questions raised by this appeal: (1) "In failing to yield to defendant Otis L. Vaughn the right to proceed, if said Vaughn had stopped at Sandy Boulevard and yielded to cars on Sandy Boulevard as required by law"; (2) "In driving his automobile without headlights under the conditions then and there existing"; and (3) "In driving said automobile in the center lane of a three-lane highway when * * * Johnson was not overtaking another vehicle or preparing for a left turn, and when said center lane was not at that time allocated exclusively to traffic moving in the same direction."

The plaintiff charged the defendant Vaughn, among other claims of negligence, with being negligent "in entering said Sandy Boulevard or Sandy Road without stopping", and "in failing to yield the right of way

to the automobile being operated by the defendant Johnson''.

The defendant Johnson in his answer denied the allegations of negligence as alleged against himself, and admitted the allegations of negligence alleged in the plaintiff's complaint against the defendant Vaughn.

■ The defendant Johnson in his first assignment of error stated that the trial court was in error in giving the following instruction:

"You will also determine whether defendant Johnson * * * was negligent in driving in the center lane of Sandy Boulevard, in the event that you find that he was so driving, taking into consideration the conditions that you find to have existed at the time and place of the accident, and bearing in mind that he was called upon to exercise reasonable care; that is, that degree of care that a reasonably careful and prudent person would have exercised under the same or similar circumstances.''

and in failing to give his requested instruction as follows:

"The plaintiff has charged the defendant Johnson with failing to drive in his extreme right hand lane of traffic. You are instructed that under the circumstances of this accident, the defendant Johnson was not bound to drive in the extreme right hand lane insofar as any statutory requirement is concerned.''

The trial court had, prior to the giving of the above instruction and the refusal to give the requested instruction of the defendant Johnson, refused to take from the consideration of the jury the plaintiff's charge of negligence against the defendant Johnson for driving in the center lane of the three-lane highway.

The consideration of the defendant's claim of error as to each of these matters presents the same legal question. The defendant's contention is based upon

the rulings of this court as set out in *Weinstein v. Wheeler*, 135 Or 518, 529, 295 P 196, 296 P 1079, as follows:

"* * * Rules of the road similar to ours, which require the operation of automobiles upon the right-hand side of the roadway, do not contemplate strict compliance with their provisions except when a car meets and passes another coming from the opposite direction * * *."

This rule is followed with approval in *Whelpley v. Frye, Adm'x*, 199 Or 530, 263 P2d 295, *Spence, Adm'x., v. Rasmussen et al.*, 190 Or 662, 226 P2d 819, and *Hartley v. Berg*, 145 Or 44, 25 P2d 932, but it has no application in the construction of an unambiguous statute bearing directly upon the conduct of drivers of automobiles on highways divided into three lanes.

ORS 483.304 (3) provides as follows:

"(3) Upon a highway which is divided into three lanes a vehicle shall not be driven in the center lane except when o v e r t a k i n g and passing another vehicle or in preparation for a left turn, or unless such center lane is at the time allocated exclusively to traffic moving in the direction the vehicle is proceeding and is signposted to give notice of such allocation."

This statute is mandatory; it is specific in its provision as to when the center lane of a three-lane highway may be used. At the time of the accident under consideration, no conditions existed which would grant to the defendant Johnson the use of the center lane of this highway. The instruction as given by the trial court was more favorable to the defendant Johnson than he had reason to expect. The requested instruction of the defendant Johnson was not applicable to the facts of this case. The facts clearly show that the trial court was required to submit this issue as to the defendant's negligence to the jury.

■ The defendant Johnson also charges that the trial court erred in instructing the jury to consider whether or not the defendant Johnson was exercising that degree of care which a reasonably careful and prudent person would have exercised under all of the conditions and circumstances then existing in operating his automobile without lights.

This objection is based upon the claim that objects at the time and place were clearly visible for a distance of more than 500 feet, and that the hour at which the accident occurred was considerably after a half hour before sunrise, and before a half hour after sunset, the accident having occurred at approximately 7:45 a. m., November 19, 1952. This contention of the defendant is based entirely upon the assertion of the plaintiff that he was able to observe the Johnson vehicle approaching at a distance of more than 600 feet.

The defendant Vaughn testified that there was fog in the vicinity of the intersection; that all of the cars involved had their lights burning except the Johnson car; that he looked in the direction from which the Johnson car was approaching, did not see it, and had the Johnson car had its lights burning he could have seen it.

Section 115-368, OCLA, as amended by ch 16, Oregon Laws, 1947, (now ORS 483.402) provides:

"(a) Every vehicle upon a highway within this state at any time from a half-hour after sunset to a half-hour before sunrise and at any other time when there is not sufficient light to render persons and vehicles clearly discernible on such highway at a distance of 500 feet ahead shall display lighted lamps and illuminating devices as hereinafter respectively required for different classes of vehicles, subject to exceptions with respect to parked vehicles, as hereinafter stated. Whenever requirement hereinafter is declared as to the distance from which

said lamps and devices shall render objects visible or within which such lamps or devices shall be visible said provisions shall apply during the times stated in this subsection (a) upon a straight, level, unlighted highway under normal atmospheric conditions, unless a different time or condition is expressly stated."

Section 115-370, OCLA, (now ORS 483.424) provides:

"(a) Except as hereinafter provided, the head lamps or the auxiliary driving lamps or combinations thereof, shall be so arranged on any motor vehicle that the driver may select at will between distributions of light projected to different elevations, subject to the following requirements and limitations:

"(1) There shall be an uppermost distribution of light, or composite beam, so aimed and of such intensity as to reveal persons and vehicles at a distance of at least 350 feet ahead of such vehicle for all conditions of loading."

It must be readily observed, that the legislature in these enactments providing for headlamps upon vehicles operated upon the highway, among others, had in mind these purposes: (1) the displaying or showing of lights to advise other travelers along the highway (which includes those travelers having the privilege of entering the highway) of the presence of a vehicle during the nighttime or when visibility was limited by atmospheric conditions, *Schrunk v. Hawkins,* 133 Or 160, 168, 289 P 1073; and (2) to provide, under normal atmospheric conditions, a light of sufficient intensity to advise the driver of a vehicle of the conditions existing upon the highway along which the driver is advancing.

The instruction as given by the trial court did not advise the jury that, should they find there was limited visibility as defined in the statute at this intersection,

the failure to display lighted lamps would be negligence per se. Nevertheless, had such an instruction been given it would not have been error, for we are here considering negligence as the proximate cause of a collision between the vehicles driven by the defendants Johnson and Vaughn that later, as a continuing proximate cause, resulted in the defendant Johnson's vehicle colliding with the vehicle driven by the plaintiff. Vaughn was entitled to notice of the nearness of Johnson's vehicle in relation to this intersection so that he might yield or take the right of way in compliance with the statutory requirements of one entering from a stop street into a through highway.

Whether or not lights upon the Johnson vehicle under the atmospheric conditions as they then existed would have served to give Vaughn notice, and whether or not, after having noticed, he would have acted in any manner other than as he did, was a question of fact for determination by the jury.

The trial court did not err in submitting this assignment of negligence to the jury, nor did it err in giving the instruction.

■ The defendant Johnson also charges that the trial court erred in instructing the jury with reference to the right of way between his vehicle traveling upon the through highway and the vehicle of the defendant Vaughn on entering the highway.

The basis of this claim of error is not that the instruction itself contained any defects, but rather that no instruction should have been given with reference to any negligence which may have been committed by the defendant Johnson concerning the statutory right of way, for the reason that under the state of the pleadings this issue was admitted.

The defendant Johnson argues that since the plaintiff had alleged in his complaint as negligence against

him the failure "to yield to defendant Otis L. Vaughn the right to proceed, if said Vaughn had stopped at Sandy Boulevard and yielded to cars on Sandy Boulevard as required by law", and had alleged as negligence against his co-defendant Vaughn the failure "to yield the right of way to the automobile being operated by defendant Johnson", the defendant Johnson's admission of Vaughn's negligence as charged left no issue between the plaintiff and himself as to who was entitled to the right of way.

The fallacy in the defendant's reasoning lies in the fact that the defendant Vaughn specifically denied he was negligent in failing to yield the right of way, and thus there was placed before the court for determination by the jury the question as to which of the defendants, if either, had violated this rule of the road.

■ It is the universal rule that unless there is a privity of interest or consent, the admissions in the pleadings of one defendant are not admissible against another codefendant, and this is especially true where the interests of the defendants are adverse to one another. *Dodge et al., v. Davies, et al.,* 181 Or 13, 27, 179 P2d 735; *Murphy v. Bjelik,* 87 Or 329, 169 P 520; 170 P 723; 41 Am Jur 436, Pleading, § 203.

No error having been committed by the trial court in this cause, its judgment is affirmed.